IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Civil Action No. 02-CV-1153-JLK-PAC

YOON BOON LEE,

    Plaintiff,

vs.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, an Illinois Corporation,

    Defendant.

## STIPULATION AND SUPPLEMENTAL PROTECTIVE ORDER

Kane, J.

    Each party and each Counsel of Record stipulate and move the Court for a Supplemental Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure concerning the treatment of Confidential Information (as hereinafter defined), and, as grounds therefore, state as follows:

    1.    In this action, at least one of the Parties has sought and/or is seeking Confidential Information (as defined in paragraph 3 below). The Parties also anticipate seeking additional Confidential Information during discovery and that there will be questioning concerning Confidential Information in the course of depositions. The Parties assert the disclosure of such information outside the scope of this litigation could result in significant injury to one or more of the Parties business or privacy interests. The Parties have entered into this Stipulation and

request the Court enter the within Supplemental Protective Order for the purpose of preventing the disclosure and use of Confidential Information except as set forth herein.

2. On March 3, 2002, this Court entered a Protective Order in this matter. At that time, Angela L. Ekker was not an attorney of record for Yoon Boon Lee and, therefore, was not a party to the Stipulation and Protective Order. Attorney Ekker agrees to be bound by the terms and conditions of the Stipulation and Protective Order entered March 3, 2002 with respect to Confidential Information produced pursuant to the Stipulation and Protective Order.

3. "Confidential Information" means any document, file, portions of files, transcribed testimony, or response to a discovery request, including any extract, abstract, chart, summary, note, or copy made therefrom - not made available to the public – and designated by one of the Parties in the manner provided in paragraph 3 below as containing:

   a. Documents which set forth the amounts paid by State Farm for the years 1998-2004 to Thomas J. Seaman and his law firm or firms, including "1099 forms" which State Farm seeks to protect as confidential information that is private to Mr. Seaman, and

   b. Documents produced by Mr. Seaman and his law firm in conjunction with a limited waiver of the attorney-client and work product privilege with respect to communications between Mr. Seaman and his law firm and State Farm prior to the filing of the within action on June 17, 2002, and

   c. Documents and materials from State Farm's Auto Claim Manual from 1999 through 2003, Auto Claim Management Manual from 1979 through 2004, and documents and materials regarding record retention provided to

2

attorneys retained by State Farm concerning State Farm documents and materials, which State Farm seeks to protect as proprietary in nature and containing trade secrets or other confidential commercial information; and

4. Where Confidential Information is produced, provided or otherwise disclosed by a Party in response to any discovery request, it will be designated in the following manner:

    a. By imprinting the word "Confidential" on the first page or cover of any document produced;

    b. By imprinting the word "Confidential" next to or above any response to a discovery request; and

    c. With respect to transcribed testimony, by giving written notice to opposing counsel designating such portions as "Confidential" no later than ten calendar days after receipt of the transcribed testimony.

5. All Confidential Information provided by a Party in response to a discovery request or transcribed testimony shall be subject to the following restrictions:

    a. It shall be used only for the purpose of this litigation and not for any business or other purpose whatsoever;

    b. It shall not be communicated or disclosed by any Party's counsel or a Party in any manner, either directly or indirectly, to anyone except for purposes of this case and unless an affidavit in the form of Exhibit A has been signed.

6 Individuals authorized to review Confidential Information pursuant to this Supplemental Protective Order shall hold Confidential Information in confidence and shall not

divulge the Confidential Information, either verbally or in writing, to any other person, entity or government agency unless authorized to do so by court order.

7. The Party's counsel who discloses Confidential Information shall be responsible for assuring compliance with the terms of this Supplemental Protective Order with respect to persons to whom such Confidential Information is disclosed and shall obtain and retain the original affidavits signed by qualified recipients of Confidential Information, and shall maintain a list of all persons to whom any Confidential Information is disclosed.

8. During the pendency of this action, opposing counsel may upon court order or agreement of the Parties inspect the list maintained by counsel pursuant to paragraph 7 above upon a showing of substantial need in order to establish the source of an unauthorized disclosure of Confidential Information and that opposing counsel are unable otherwise to identify the source of the disclosure. If counsel disagrees with opposing counsel's showing of substantial need, then counsel may seek a court order requiring inspection under terms and conditions deemed appropriate by the Court.

9. No copies of Confidential Information shall be made except by or on behalf of counsel in this litigation and such copies shall be made and used solely for purposes of this litigation.

10. During the pendency of this litigation, counsel shall retain custody of Confidential Information, and copies made therefrom pursuant to paragraph 9 above.

11. If opposing counsel objects to the designation of certain information as Confidential Information, he or she shall promptly inform the others parties' counsel in writing of the specific grounds of objection to the designation. All counsel shall then, in good faith and

on an informal basis, attempt to resolve such dispute. If after such good faith attempt, all counsel are unable to resolve their dispute, opposing counsel may move for a disclosure order consistent with this order. Any motion for disclosure shall be filed within 14 days of receipt by counsel of notice of opposing counsel's objection, and the information shall continue to have Confidential Information status from the time it is produced until the ruling by the Court on the motion.

12. In the event Confidential Information is used in any court filing or proceeding in this action, including but not limited to its use at trial, it shall not lose its confidential status as between the parties through such use. Confidential Information and pleadings or briefs quoting or discussing Confidential Information will not be accepted for filing "under seal" or otherwise kept out of the public record in this action, however, except by court order issued upon motion of the party seeking to file the documents under seal. Any motion requesting leave to file documents under seal shall comply with the requirements of D.C.COLO.LCivR 7.3 and demonstrate that the Confidential Information at issue is entitled to protection under the standards articulated in *Nixon v Warner Communications, Inc*, 435 U.S. 589, 598-602 (1978)(applied in *United States v Hickey*, 767 F.2d 705, 708 (10th Cir. 1985) and *Crystal Grower's Corp v Dobbins*, 616 F.2d 458, 461 (10th Cir. 1980)).

13. The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidential or Confidential Information pursuant to this Supplemental Protective Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Supplemental Protective Order.

14. By agreeing to the entry of this Supplemental Protective Order, the Parties adopt no position as to authenticity or admissibility of documents produced subject to it.

15. Upon termination of this litigation, including any appeals, each Party's counsel shall immediately return to the producing party all Confidential Information provided subject to this Supplemental Protective Order, and all extracts, abstracts, charts, summaries, notes or copies made therefrom. At that time, counsel shall also file under seal with this Court the list of individuals who have received Confidential Information which counsel have maintained pursuant to paragraph 7 herein, and counsel shall provide the Court with verification that any counsel's work product referencing Confidential Information has been destroyed

16 Nothing in this Supplemental Protective Order shall preclude any Party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which Confidential Information shall be treated at trial.

17. By entering into this Stipulation and Supplemental Protective Order Plaintiff does not waive her right to seek modification hereof based upon the Court's Order of December 8, 2004, nor does State Farm waive any right to object thereto or seek any other relief provided by law with respect to that Order. The Parties agree that the December 8, 2004 Order does not apply to this Stipulation and Supplemental Protective Order except upon order of the Court.

Dated at Denver, Colorado, this 2 day of Sept , 2005.

BY THE COURT:

JOHN L. KANE, SENIOR JUDGE
UNITED STATES DISTRICT COURT

6

STIPULATED AND AGREED BY:

_____
Yoon Boon Lee

_____
Angela L. Ekker, Esq.
Attorney for Yoon Boon Lee

_____
Alfred Frank Paoli Jr. Esq.
Attorney for Yoon Boon Lee

HILARY DAY
NOTARY PUBLIC
STATE OF COLORADO
My Commission Expires 04/13/2009

State Farm Mutual Automobile Insurance Company

By: _____
Title or Position: Team Manager

_____
Jon F. Sands, Esq.
Attorney for State Farm Mutual Automobile Insurance Company

_____
Kimberle E. O'Brien, Esq.
Attorney for State Farm Mutual Automobile Insurance Company

7

**STIPULATED AND AGREED BY:**

_____
Yoon Boon Lee

_/s/ Angela L. Elkker_
Angela L. Elkker, Esq.
Attorney for Yoon Boon Lee


_____
Alfred Frank Paoli Jr. Esq.
Attorney for Yoon Boon Lee

HILARY DAY
NOTARY PUBLIC
STATE OF COLORADO
My Commission Expires 04/13/2009

State Farm Mutual Automobile Insurance Company

By: _/s/_
Title or Position: Team Manager

_/s/ Jon F. Sands_
Jon F. Sands, Esq.
Attorney for State Farm Mutual Automobile Insurance Company

_/s/ Kimberle E. O'Brien_
Kimberle E. O'Brien, Esq.
Attorney for State Farm Mutual Automobile Insurance Company

7