IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. **02-K-1153**

**YOON BOON LEE**,

       Plaintiff,

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, an Illinois corporation**,

       Defendant.

_____

ORDER
_____

KANE, J.

On January 20, 2006 I ordered pursuant to Fed. R. Civ. P. 53(b) the appointment of Shelley B. Don, Esq. as special master in this case to conduct an *in camera* review of approximately 600 documents that are the subject Plaintiff's September 19, 2005 Motion for Order Compelling Discovery (Doc. 204) and claimed by Defendant not to be discoverable on the grounds of attorney-client privilege and attorney client work product. I found sufficient cause to order the *in camera* review based upon a factual demonstration that the crime/fraud exception to the privilege protecting attorney-client communications and the attorney work product rule applies.

I decided to appoint a special master to conduct the *in camera* review for a number of reasons. First, I do not want any interference with my ability to remain impartial based upon a review of information which may remain privileged from

disclosure. Second, if at all avoidable, I do not think it is the proper business of a judge to engage in *in camera* reviews and determinations. Third, I am presently fully engaged in the final stages of a four month long class action toxic tort jury trial, additional jury trials set to commence February 21, 2006 and March 13, 2006, and yet another potentially protracted complex jury trial commencing April 3, 2006. Coupled with a lengthy absence from judicial duties due to medical treatment, I do not have the time in the near future to devote to the examination of approximately 600 documents.

Finally, the issues presented in this case deal with the manner in which the claimant-insurance business is conducted and its relevance to the fraud, abuse of process, conspiracy, and outrageous conduct claims of Ms. Lee. I have insufficient expertise in that business as it presently functions to make and explain the nuanced evaluations that ensue from an *in camera* review. I am fully capable of making such evaluations and objective rulings in an adversary context, but not as a mere *ex cathedra* exercise without the benefit of counsel.

Neither party objected to the appointment of a special master. In providing both parties with the opportunity to suggest candidates for appointment, I advised of the need to appoint an expert in the intricacies of the claimant-insurance business and the standards of practice engaged in by counsel in matters related to that enterprise. Additionally, and in previous orders, I expressed grave concern with substantial questions of professional ethics that literally leap from the voluminous filings in this case. Rather than identify individuals with specific, practical experience in these issues, counsel for

both parties submitted the names of retired judges. While I know most of them, have great admiration for those I know and respect for all of them, the intended purpose of appointing a special master would not be served by selecting one from their number. Presumably, the lacuna in my experience that contributed to my decision to appoint a special master would not be filled by reliance on yet another judicial official, active or retired.  Indeed, had I wanted assistance solely to relieve my current workload, I could have referred this matter to one of the court's magistrate judges.

State Farm's objection to the appointment of Mr. Don is directed not at his qualifications but to the alleged appearance of impropriety because Mr. Don once, over fifteen years ago, represented a plaintiff against State Farm in a case that concluded following appeal.  A review of that decision, *Terranova v. State Farm Auto. Ins. Co.*, 800 P.2d 58 (Colo. 1990), discloses it has nothing whatever in common with the case at bar.  Moreover, counsel of record for State Farm in that case is now a state district judge and, as stated in his affidavit, a judge before whom Mr. Don appears.  Neither the judge nor Mr. Don has sought recusal for that or any other reason.

State Farm also asserts that Mr. Don regularly represents plaintiffs in personal injury actions and on two other occasions represented plaintiffs in actions against life insurance companies.  Given the ubiquitous presence of insurance companies in litigation, it beggars credulity to suggest an attorney or judge who once represented parties adverse to such companies is *ipso facto* incapable of fulfilling the obligations of an oath to perform judicial or quasi-judicial duties in an objective, fair and impartial

3

manner. It is ludicrous to suggest such representation creates an appearance of impropriety. Were it otherwise, judges who once served as prosecutors or public defenders would be categorically disqualified from presiding over criminal cases and former attorneys general or their assistants would be disqualified from presiding whenever the government they once represented was a party to civil litigation. More to the point, a lawyer regularly retained by an insurance company to represent its insureds, once appointed to the bench, would be required to recuse in any case in which any insurance company had an interest or alleged obligation to defend. Similarly, an attorney actively engaged in representing insureds would be ineligible for appointment as a special master in matters related to the very expertise that motivated such an appointment. Such is not the law, nor has it ever been.

State Farm further contends that acting as a special master will give Mr. Don access to

> internal proprietary and other confidential information and State Farm's position concerning the protection and production of this information. Given the scope and extent of the powers and access being granted to the special master in this case, and the nature of Mr. Don's practice, access to this information *could adversely impact state farm in the event of future litigation between Mr. Don's clients and State Farm.*

Objection at p. 7 (emphasis added).

To state the obvious, the allegation is entirely speculative. Second, to entertain it presupposes that Mr. Don would violate the court's orders and abuse the office to which he is appointed and there is absolutely no evidence that he suffers from such a defect in

4

character.  Third, any such abuse, if it were to occur, would have no bearing on this case and would properly be raised before the judge in the putative case – not the one at bar.

It is probably unnecessary, but I will set out my specific reasons for appointing Mr. Don.  A number of highly qualified attorneys came to mind when I set out to make the selection.  Some have cases pending before me and were therefore excluded at the start.  Frankly, I considered the appointment an imposition on whomever I asked.  As suggested by the foregoing, I was looking for an attorney with considerable trial experience and significant professional stature.  I sought experience in both federal and state litigation because this case involves both.  Related to the present issues, I looked for an attorney whose practice demonstrated considerable skill and expertise in discovery disputes, professional ethics, malpractice, criminal law, personal injury and, especially, insurance law.  Additionally, I wanted someone well familiar with current claimant-insurance business practices.

As evidenced in Plaintiff's Response to Defendant State Farm's Objections to the Appointment of Mr. Don, the affidavit of Mr. Don and a review of the court's files, it is clear beyond peradventure that Mr. Don is a highly respected attorney with more than thirty four years experience in the numerated fields.  He has represented both plaintiffs and defendants in a wide array of cases including legal and medical malpractice, patent infringement and intellectual property, ethical grievances, products liability, criminal cases, real property and, as well, personal injury claims.  His mastery of discovery disputes in the extensive and complex *Gates Rubber Co. v. Bando Chemical Indus.*

litigation – in which Mr. Don represented the defendant – was recognized by the court. I dare say no judge of this court is unfamiliar with the Tenth Circuit and Federal Circuit decisions in that litigation.

Mr. Don is recognized in the publication of "The Best Lawyers In America" and is rated "AV" by the Martindale Hubbell legal directory. He has served as a member of the Second Judicial District, State of Colorado Judicial Nominating Commission. When asked to accept appointment as special master in this case, he advised that he had no connection with the parties in this case, or their counsel or any matters pending before me. He meets the requirements of Fed. R. Civ. P. 53(a)(2) and in his response to the issues raised in State Farm's Objections, Mr. Don found nothing that would compel him to disqualify himself from undertaking the appointment under the standards elucidated in 28 U.S.C. § 455(a). Not only is the objection to Mr. Don's appointment in this case without merit, it is gratuitously and unnecessarily demeaning to an attorney whose reputation and recognition is that of a dedicated lawyer who adheres to the highest standards of the profession.

The Objection to the appointment of Shelley B. Don as Special Master is **OVERRULED.**


Dated February 13, 2006             **s/John L. Kane**
                                    SENIOR U.S. DISTRICT JUDGE