IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Civil Action No. **02-cv-1153-JLK**

**YOON BOON LEE**,

      Plaintiff,

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, an Illinois corporation**,

      Defendant.
_____

ORDER ON OBJECTIONS TO SPECIAL MASTER'S
REPORT AND RECOMMENDATIONS
_____

Kane, J.

On June 4, 2007 the Special Master filed his Report and Recommendations (Doc. 227) on Plaintiff's Motion to Compel (Doc. 204). At issue is the discoverability of 600 documents Plaintiff contends have been impermissibly withheld by Defendant on grounds of privilege and/or work product protection.[1]

Defendant filed its Objection to the Special Master's Report on June 27, 2007 (Doc. 233), to which I directed Plaintiff to respond. A significant portion of the Defendant's Objection disputes the "finding," attributed to the Special Master, that there are sufficient indicia of fraud on the part of Defendant's attorneys to permit application of the crime-fraud exception to privilege. Because that finding was mine as set forth in my

---

[1] A more complete statement of the facts is found in my Order and Notice of Intent to Appoint Special Master (Doc. 209), and is incorporated herein by reference.

various orders leading up to the appointment of the Special Master and overruling Defendant's objection to that appointment (Docs. 209, 212 & 217), it will not be revisited under any standard of review, de novo or otherwise.[2] Instead, I review the Master's individual assessment of Defendant's privilege claims and the application of any relevant exception to which objection is made.

BACKGROUND AND PROCEDURAL HISTORY.

I recount briefly the procedural history leading up to the Special Master's appointment:

On September 19, 2005, Plaintiff filed a Motion For An Order Compelling Discovery pursuant to Fed. R. Civ. P. Rules 26 (b)(1) and 37 (a)(2) (Doc. 204), seeking to compel production of approximately 600 documents withheld by Defendant under various unspecified claims of attorney-client privilege and work product protection. Plaintiff asserted neither the privilege nor the work product doctrine applied based on the crime-fraud exception to privilege and Defendant's affirmative defense to Plaintiff's request for declaratory relief of reliance upon the advice of counsel.

On January 12, 2006, I issued my Order and Notice of Intent to Appoint Special

---

[2] In my Order Appointing Special Master (Doc. 212) I specifically stated that the Master's findings would be reviewable under the clearly erroneous standard set forth in Fed. R. Civ. P. Rule 53(g). While State Farm objected only to the identity of the Special Master appointed, and not the standard of review or scope of his appointment generally, it now maintains that, because it did not "stipulate" to the clearly erroneous standard under Rule 53(g)(3), that all of the Master's findings and conclusions must be reviewed, instead, de novo. I disagree. For the sake of clarity and out of an abundance of caution, I will apply the de novo standard to the Master's factual determinations – and the recommendations premised on them – to which appropriate objection is made.

Master (Doc. 209). My Order stated my concern arising from the information provided up to that time in the parties' filings. I found sufficient indicia of fraud to support the invocation of the crime-fraud exception and notified the parties of my intent to appoint a special master to conduct an *in camera* review of the documents that were the subject of the Motion to compel, review claims of attorney-client privilege and attorney work product, and to make findings and recommendations in accordance with the procedures set forth in Fed. R. Civ. P. 53.

By that Order and my subsequent Order Appointing Special Master (Doc. 212), Mr. Don was given the full panoply of powers expressed and permissibly implied by Fed. R. Civ. P. 53. Appropriate notice had been given in both orders of the nature and scope of the appointment and both sides had been invited to file any objections to it. While Defendant objected to the individual appointed, it did not object to the appointment generally. It is apparently necessary to note, in view of the objections made by the Defendant, the reference to the Special Master and his Report and Recommendation are limited to discovery disputes and the conduct of counsel in the course of litigation and are not and never have been considered a recommendation or adjudication of the merits of the pending lawsuit.

Following a gimlet-eyed examination of the court records and page-by-page review of the documents in question, the Special Master issued his Report and Recommendations together with an attached chart showing specific recommendations as to each document examined. The Special Master based his determinations on the correct

legal premise that the quantum of proof necessary to the application of the crime-fraud exception is a prima facie showing that the exception applies to each document before the document can be stripped of its privilege. The Special Master made discrete findings in this regard, concluding the crime-fraud exception applies to some, but not all of the documents for which attorney client privilege and/or the work product doctrine were invoked. In addition, the exhibit tabulating his recommendations contains specific recommendations based on the "at issue" waiver doctrine.

DISCUSSION..

As a general matter, I observe Defendant's objections are more petulant than probative and distinctly lacking in pertinence. The blanket objections to the documents reviewed by the Special Master lack particularization as to each document and are therefore of no value. Defendant persistently declaims the irrelevant. For example, Defendant vilifies Plaintiff's former counsel, Richard Kaudy, though his conduct has nothing to do with the questions of privilege and exception nor to the enquiry of whether Defendant's counsel engaged in unprofessional conduct. No motion has ever been raised bringing Mr. Kaudy's conduct into issue.

The Defendant likewise objects to the great weight the Special Master gave to the expert opinion of Richard Laugesen used by plaintiff to support her burden to establish the crime-fraud exception and criticizes the Special Master's not mentioning the opinion of its expert, John Grund. There is of course no error in not mentioning or describing every bit and item of evidence adduced during a proceeding. Only that evidence used as

4

a basis for making conclusions need be referred to so as to avoid a criticism that no basis existed for the conclusion. Making findings or conclusions in the absence of evidence constitutes an abuse of discretion, but no such abuse occurs merely because other evidence is not described.

One must bear in mind that the purpose of the inquiry undertaken in this instance is not to reach a final adjudication, but rather to determine if the plaintiff has met her burden in order to proceed with discovery. For the crime-fraud exception to apply, the party opposing the invocation of the privilege must present *prima facie* evidence that the allegation of attorney participation in the underlying crime or fraud has some basis in fact. Mr. Laugesen's opinion amply meets this burden. The Special Master made it quite clear that he was persuaded by that testimony. I have reviewed the opinions of both experts and am likewise persuaded.

State District Judge Gasper F. Perricone found the failure by the Defendant to disclose information necessary for the Plaintiff to make an informed decision about settlement was done fraudulently. As I did in my Order and Notice of Intent to Appoint Special Master, the Special Master supported his Recommendation with Judge Perricone's finding. I note, however, that Judge Perricone's finding is not necessary to either my findings nor the Special Master's. Mr. Laugeson's testimony, which I find compelling and persuasive, provides an ample separate basis for any finding of fraud such that Defendants' urgings to disregard it are of no utility.

DEFENDANT'S OBJECTIONS.

Those objections that are legally cognizable, or nearly so, I address in the sequence presented in Document 233:

**1.      The Special Master's Reliance on Duties Allegedly Owed to State Farm's Insured was not Erroneous.**

The objection is overruled. The essence of the objection is that the Special Master made findings without direct evidence of communications between the Defendant, its other attorneys and the attorney selected and paid by State Farm to represent its insured in the underlying tort action and findings of a lack of credibility without having the latter attorney appear before him to testify. There is no such requirement in law. Circumstantial evidence is not only permissible in determining whether there is illicit conduct or agreement, it is indeed the usual and customary basis for doing so. Direct evidence is seldom available and few so-called "smoking guns" are ever discovered. What individuals actually do – and perhaps more significantly what they do not do – is more probative than gawping at them while they testify. The same can be said for findings on credibility issues. Indeed, visual, or so-called "live" testimony, where a witness is seen and heard, enjoys no elevated or preferred station in a hierarchy of criteria for determining credibility issues.

Testimony by written deposition alone is frequently admitted and considered by the fact-finder. Perhaps more to the point, credibility findings can, and often are, based on inferences. The fact-finding or adjudicative process is essentially an exercise of contextual analysis. So long as there are facts to support them or the absence of facts

where such would normally be expected to occur (lacunae), the law permits, indeed depends upon, inferences from which justifiable conclusions can be drawn.

In this case, the Special Master made detailed findings of fact and drew justifiable inferences therefrom. He was not constrained by any law or rule to observe *soi-disant* "live testimony," nor was he required to conduct formal hearings. The Special Master in this case rightly concluded that under the circumstances presented the Defendant had a duty of candor owed to its insured and failed in that duty.

**2.    The Master's Refusal to Agree that any Duty to Advise Lee of the Risk to Thorne's Coverage Arising from the Bashor Agreement was Kaudy's, not State Farm's, was not Erroneous.**

The objection is overruled. I quote from Plaintiff's Response To Defendant's Objection To The Special Master's Report And Recommendation:

> In its Objection, State Farm argues that it was Kaudy's duty to inform Lee of the potential ramifications of entering into the Bashor, including the possibility that the coverage would be eliminated. Kaudy reasonably relied on Thorne's representation in the Bashor, which was also signed by Rodman, and reviewed by State Farm, that Thorne was in compliance with the cooperation clause of the policy. There is absolutely no evidence to indicate that Kaudy in any way knew that Baird and Giometti were actively engaged in a conspiracy to avoid coverage. State Farm's argument that Kaudy was somehow liable for failing to satisfy his obligations to his client is absurd and unfounded, particularly when State Farm was intentionally concealing the Excess Assurance Protection Letter from Kaudy and misleading thereby Lee, by allowing Thorne to affirm that he was in compliance with the policy.

Pl.'s Response (Doc. 236) at p. 8.

While this issue of fraud is a constituent part of the case to be decided by the court or a jury, the Special Master was charged with determining whether the documents

supporting this allegation are discoverable.  He had ample evidence including the Bashor agreement, date of filing of this declaratory judgment action and the deposition testimony to find that Kaudy was intentionally mislead by this Defendant and that discovery should be permitted to pierce the shields of the attorney/client privilege and the work product doctrine.  More to the point, I have already ruled that the crime/fraud exception applies in this case.  Because the Defendant has failed utterly to make specific objections related to any document, there is no basis to determine whether any document ordered by the Special Master to be disclosed should be withheld.

3. **Lee's Claim of Fraud Arising from the Excess Assurance Protection Letter is not Barred.**

No motion has ever been filed by the Defendant seeking to bar this claim.  It is axiomatic that the state of the existing record is the basis for any decision.  As such the Plaintiff may proceed on the state of the record and the Special Master may, indeed must, make his findings on that basis.  The fact that the Express Assurance Protection Letter dated April 1, 2002 was not provided to Kaudy before the Agreement was consummated, as the record presently demonstrates, constitutes one of a number of bases for the crime/fraud exception to apply.  More to the point, the Special Master was complying with my finding on the application of the exception and it was not within his authority to disregard it.  Nor is it permissible for the Defendant to reargue this issue in the form of an objection to the Special Master's Report And Recommendation.  This objection is overruled.

4. **Reliance on the Laugeson Opinion was neither Erroneous nor a Deprivation of Due Process**

This objection is overruled. State Farm's objection is at best misleading. Mr. Laugesen was retained as an expert by Plaintiff Lee. For reasons of health – not mentioned by State Farm in its objection – Mr. Laugesen was unable to continue as a witness and therefore Mr. Hodges was substituted. Mr. Laugesen's withdrawal from the fray has nothing to do with the probity of his opinion. After a long and distinguished career as an attorney primarily engaged as an insurance defense counsel and as a highly respected teacher and author in the field, Mr. Laugesen now finds himself gratuitously vilified because his health does not permit him to continue. What he opined and wrote before this substitution, however, persuaded the Special Master and it likewise persuades me. State Farm's distorted conclusion that Mr. Laugesen is no more than another attorney representing the Plaintiff supports the aphorism that no good deed – or for that matter no good life – will go unpunished.

5. **Because Ample Indicia of Fraud Exist Independently of Judge Perricone's January 2003 Order, the Special Master's Reliance on it, while not Erroneous in Any Event, is not Necessary to the Conclusions Reached.**

One is nonplused to read in the Defendant's Objection "The Special Master's <u>unilateral</u> recommendation that several of the documents on the privilege log should be produced on the basis that they are not privileged is erroneous since all the documents constitute communications between State Farm and SGM (Seaman, Giometti & Murphy, P.C.) and/or other counsel representing State Farm pursuant to C.R.S. § 13-90-107 (1)(b)

[emphasis original]." What, in this context, does "unilateral" mean? Its ordinary meaning is "done or undertaken by one person or party." (Webster's New Collegiate Dictionary, Merriam 1981 ed.). Such is the very essence of the adjudicative function and the specific office of this duly appointed special master. He is neither a convenor of meetings nor the chairman of a committee nor a factotum carrying the burdens of counsel's alleged agreements or stipulations. His hands cannot be tied except by the order appointing him and setting forth the authority delegated to him.

State Farm continues to object on the basis of a persistent challenge to my finding that the crime/fraud exception applies. That train has left the station. State Farm has failed utterly to identify any document with the required specificity and particularity that it believes was mischaracterized by the Special Master. That failure makes review by any standard impossible and therefore the blanket objection is overruled. The same ruling applies to State Farm's generic objection to the Special Master's Recommendation that SGM billing statements are not privileged. Absent discrete objections to specific billing statements, review is foreclosed.

6. **The Master's Conclusions Regarding Specific Documents on the Privilege Log were not Erroneous**.

I have found the facts are sufficient to conclude that State Farm engaged in a conspiracy to commit fraud. These facts include, but are not limited, to the following:

(A) State Farm failed to disclose to its insured that Lee was willing to settle her claims against Thorne for policy limits.

(B) State Farm failed to disclose to Lee that it would cover any judgment in excess of policy limits.

(C) State Farm retained Seaman for the sole purpose of avoiding coverage as obligated by its insurance contract.

(D) State Farm's counsel retained to represent Thorne intentionally and admittedly failed to forward the "comforting letter" (*See* 2 above) to Lee's attorney.

(E) Rodman, counsel hired by State Farm to represent Thorne, failed to advise Thorne against entering the Bashor agreement, knowing full well that State Farm intended to avoid coverage.

(F) Lee's case against Thorne was prolonged for specious reasons in the face of obvious liability.

(G) State Farm filed the Declaratory Judgment action in this case in furtherance of the conspiracy to avoid the payment of the insurance benefits.

The Special Master found, and I affirm, that the communications to and from State Farm and its counsel were for the purpose of continuing its fraudulent scheme. Under these circumstances, the Special Master properly found an "at issue" waiver of the privilege regarding communications between State Farm and SGM following the filing of the declaratory judgment action and State Farm's assertion of the defense of reliance upon the advice of counsel. The Defendant itself has infused the advice of counsel into this case as relevant to its claims and cannot now be heard to complain that the facts and

11

circumstances regarding that advice be fully explored through discovery.

As I stated in *Bueno v. U.S. Bankruptcy Court*, 248 B.R. 581 (2000), "An abuse of discretion occurs where the trial judge [special master] fails to articulate a reason for his decision and no such reason is readily apparent from the record or articulates a reason which has no basis in fact or the reason so articulated is contrary to law. The reason given, however, need not be one that is agreeable to the reviewing court." *See also, United States v. Wright,* 826 F.2d 938, 942 (10th Cir. 1987).

CONCLUSION.

The findings and conclusions enumerated in the Special Master's report are accepted and adopted as an Order of Court. The objections thereto are overruled. The Plaintiff shall have complete access to each document identified by the Special Master in the chart attached as Exhibit 1 and recommended by him for disclosure. Those documents identified by the Special Master as privileged with a (P) shall not be disclosed.

In addition to the *in camera* review of the documents subject to Plaintiff's September 19, 2005 Motion To Compel, I also directed the Special Master to include in his findings and recommendation consideration of all applicable rules of professional responsibility adopted by this Court. The recommendations with respect thereto are likewise accepted. I will defer considering the sanctions requested by Plaintiff pursuant to Rule 11, Fed. R. Civ. P., until the record is more fully developed.

Finally, pursuant to Fed. R. Civ. P. 53 (h) the Special Master is ORDERED to submit an application for compensation which shall contain an accounting of hours

expended in pursuit of this appointment, reasonably identifying the specific tasks undertaken, the requested and customary hourly rates of compensation together with any costs necessarily incurred and an affidavit by a person not associated with the Special Master in his practice of law attesting to the reasonableness of the request. The Court will provide counsel for all parties concerned the opportunity to be heard on the basis and terms for compensation and allocation of payment and will conduct such evidentiary hearings as are deemed necessary and appropriate with costs of that event to follow.

Dated: March 3, 2008.                         BY THE COURT:

                                                      **s/John L. Kane**
                                                      SENIOR U.S. DISTRICT JUDGE