IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. **02-cv-01153-JLK**

**YOON BOON LEE**,

       Plaintiff,

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, an Illinois
corporation**,

       Defendant.

_____

ORDER DENYING MOTION FOR STAY DURING PENDENCY OF
INTERLOCUTORY APPEAL/MANDAMUS PETITION
_____

KANE, J.

       This matter is before me on Defendant's Motion for Stay (Doc. 246) in which State Farm

asks me to stay my March 3, 2008 Order on Objections to Special Master's Report and

Recommendations (Doc. 239) during the pendency of proceedings State Farm has commenced in

the Tenth Circuit Court of Appeals. State Farm's "Notice of Appeal" (Doc. 241) purports to

appeal my Order and "all other interlocutory orders that gave rise" to it, "including but not

limited to" my Order and Notice of Intent to Appoint Special Master (Doc. 209), my Order

Appointing Special Master (Doc. 212), an Order dated February 13, 2006 (Doc. 217), and the

Special Master's Report and Recommendations (Doc. 227). In the event the March 3, 2008

Order is not deemed appealable – as it is unlikely to be given that it is a discovery order and

resolves no issue or claim in the underlying insurance dispute – State Farm asks that its Notice of

Appeal be "construe[d] . . . as a petition for writ of mandamus." Notice of Appeal (Doc. 241),

n.1. I deny the Motion for Stay.

Neither the March 3 Order nor any of the challenged Orders underlying it are final,

appealable orders under 28 U.S.C. § 1291 nor have they been declared appealable interlocutory

decisions under 28 U.S.C. § 1292(b).  The March 3 Order at its heart is an order compelling the

production of a discrete set of documents and materials that have been withheld by State Farm

on grounds of privilege.  Even if I were inclined to declare that my Order "involves a controlling

question of law" and that "an immediate appeal . . . may materially advance the ultimate

termination of the litigation" (which I am not because neither prerequisite exists), an appeal of

such an order would not stay the proceedings in the district court.  *See id.*  The best State Farm

can hope for is a review on mandamus, which review provides no basis for any further delay in

this six-year-old case where State Farm's liability to Plaintiff – a 76-year-old woman who was

struck by a vehicle driven by a State Farm insured under the influence of marijuana – has never

been disputed.

State Farm's assertion that a stay is warranted under the four-factor test articulated in

*Hilton v. Braunskill*, 481 U.S. 770, 776 (1987) is rejected for the following reasons:

1.      No objection was ever made to the appointment of a special master to resolve the

        discovery dispute at issue nor was objection made to the scope of the special master's

        assignment.  Objection was made to the selection of Mr. Don as the Special Master, and

        that objection was ruled upon over two years ago in my February 13, 2006 Order.  No

        objection or appeal of that Order was ever taken, and the work of the Special Master,

        taking seventeen months, was allowed to proceed unimpeded.  The objection arose only

        after Mr. Don came out with a Recommendation contrary to State Farm's interest.

2.      The work of the Special Master was prodigious and the court's own *de novo* review and

Order amply articulates that the enormity of the undertaking was occasioned primarily by State Farm's failure to particularize or specify objections or to submit an adequate privilege log. Thus, each of the subject 600 documents had to be individually scrutinized, first by the Special Master and again by me. The prolonged duration of this case requires no further explanation.

3. As previously stated, the challenged Orders are not appealable and any suggestion of Defendant's "likelihood of success on appeal" is fanciful. I also reject the assertion that Defendant is likely to prevail on its alternate request for mandamus.

4. As for a balancing of the respective harms and consideration of the public's interest in staying my Order, I note the delays in this case have been occasioned entirely by the Defendant and have denied Plaintiff a speedy and efficient resolution of her case. This constitutes a substantial injury to Ms. Lee and to the public's interest in the fair and efficient resolution of disputes that clearly outweighs any injury to State Farm in disallowing the requested stay and requiring that this case move forward.

The Motion for Stay is DENIED.

Dated April 24, 2008.

**s/John L. Kane**
SENIOR U.S. DISTRICT JUDGE